**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DIEGO MODESTO SANABRIA LIRA,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03008-SHL-cgc |

**ORDER GRANTING PETITION**

On August 6, 2026, Petitioner Diego Modesto Sanabria-Lira filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his detention as violative of his Fifth Amendment due process rights. (ECF No. 8 at PageID 28.) Respondent responded on August 13, 2026, conceding that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), but urging the Court to require Petition to "exhaust his available administrative remedies in immigration court before" being granted habeas relief. (ECF No. 6 at PageID 14.) Petitioner seeks immediate release, or a new custody determination hearing. (ECF No. 8 at PageID 39.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Mr. Sanabria-Lira, a citizen of Nicaragua, has resided in the United States continuously since May 2022. (ECF No. 1 at PageID 2; ECF No. 6 at PageID 14.) He married a United States citizen in 2024. (ECF No. 1 at PageID 2.) He has one sister who is a lawful permanent resident,

and three United States citizen stepchildren. (Id.) He is employed at Menasha Packaging, Inc. in Jackson, Tennessee, and he contends that his "supervisor is prepared to rehire him immediately upon release." (ECF No. 8 at PageID 30.) He attends church and English classes at Engelwood Baptist Church.

He was taken into ICE custody on June 15 when he voluntarily appeared for an ICE office check-in appointment. (Id.) Respondent alleges that Mr. Sanabria-Lira was arrested after "multiple violations of compliance form the ATD program."[1] (ECF No. 6 at PageID 14–15.) Mr. Sanabria-Lira appears to have no criminal history, and Respondent does not indicate that he has ever missed a court hearing, changed residence or traveled without approval, or engaged in any other activity that would show potential flight risk. (ECF No. at PageID 30.) Nonetheless, an immigration judge denied Mr. Sanabria-Lira bond because he "failed to meet [his] burden as to flight." (ECF No. 6-3 at PageID 24.) The immigration court's order is a check-box form, and it contains no explanation of the alleged charges, no factual findings, and no flight-risk analysis. (See id.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 6 at PageID 14.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 6 at PageID 15.) Specifically, according to Respondent, Mr. Sanabria-Lira should be required to "file a motion to reconsider or

[1] Respondent fails to explain Petitioner's alleged "ATD" violations and how they should impact the Court's ultimate analysis, if at all.

an appeal of the bond determination." (Id. at PageID 15.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. Although Respondent notes that Petitioner "has had a bond hearing, during which an immigration judge determined that Petitioner presented a flight risk," it does not appear that Petitioner actually received a meaningful, individualized hearing. (ECF No. 6 at PageID 16.) An immigration judge denied his bond, but the immigration court's form order does not appear to reflect the typical considerations made in pre-removal bond hearings to ensure due-process rights are protected. (See Ayala Tache v. Warden, No. 2:26-cv-02693 (W.D. Tenn. Aug. 13, 2026) at ECF No. 12, PageID 53–54 (collecting cases)).)

Thus, given the due-process violations implicated in this case, Petitioner's immediate release is the proper remedy. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due. It has been said so often by this Court and others as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands.") Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 23rd day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE